## ROYER *v.* CHICAGO MANUF'G CO.

### SAME *v.* SAME.

*(Circuit Court, N. D. Illinois.* June 28, 1884.)

1. PATENT LAW—OLD DEVICE—COMPLAINT FOUNDED THEREON NOT GOOD.

The application of an old device to another analogous use is not a patentable subject, and a bill of complaint founded thereon is not maintainable under the principles of the patent laws, and must be dismissed.

2. SAME—"PROCESS"—REQUISITES—INFRINGEMENT.

A valid patent for a process must be limited to the precise or certainly substantial description which has been given in the specifications, and in order to constitute an infringement of that process a person must be shown to have followed substantially the same process—the same mode of reaching the result—as is described in the specifications.

3. SAME—ASSUMPTION OF LAW—ONUS PROBANDI—CHANGE OF ONUS.

The law makes the assumption that the patentee is *prima facie* an inventor, but when we come to the question of infringement the *onus* is changed: it is incumbent on the plaintiff, as patentee, or his representative or assignee, to prove clearly and satisfactorily that there has been an infringement.

In Equity.

*Hatch & Aldis,* for plaintiff.

*Frank A. Johnson,* for defendant.

DRUMMOND, J. I shall decide both of these cases in favor of the defendant. I cannot now give an opinion at any considerable length in either case, but I will state my conclusions, and will speak of the second case more fully.

The first case (court, No. 17,105) is founded on a patent issued to the plaintiff, dated January 18, 1876, which he calls "an attachment for rawhide fulling machine." He states that the object of his invention is to provide an improvement in a rawhide fulling machine, for which letters patent have been already granted to him; and the improvement consists in what he calls an automatic device by which he is enabled to run the machine in one direction for a certain time, and then reverse it, the process continuing automatically until the leather is finished. It seems to me that the evidence shows that this improvement was nothing more than the application to rawhide fulling machines of an old and well-known device used in washing-machines; and the testimony of one of the witnesses clearly establishes that the plaintiff obtained his idea from an examination and description of the same device used in a washing-machine, and, under the suggestion and with the assistance of the witness, applied it to the fulling-machine. It therefore comes within the rule which has been so long settled, that the application of an old device to another analogous use is not a patentable subject, and therefore I think the bill is not maintainable under this principle of the patent law, and must be dismissed.

The other case between the same parties, (court, No. 17,106,) I must admit, is one attended with some difficulty. That is on a patent

issued to the plaintiff, April 21, 1874, for what he calls "an improvement in the treatment of rawhide, especially for the use of belts and laces." He refers, in the first place, in his specifications, to the removal of the hair by means of sweating, which is an old process known to every tanner. The hide is dried perfectly hard; how, he does not state. It is then inserted in water for 10 or 15 minutes,—long enough to lose its extreme stiffness. Afterwards, the fulling process commences. This may be done in a machine patented by him. It seems clear that he does not claim any particular mode of fulling. Then, he says "the hide before it is passed into the machine is stuffed with a mixture of twenty parts tallow, two parts wood tar, and one part resin," which seems to be the most important part of the process. I do not think that the proof shows, in this case, that the application of these substances to a hide was new. It is claimed, on the part of the plaintiff, that Louis Royer, his brother, never applied tar to the hides. I am not so clear about that. I would be inclined to say that the weight of the evidence is that he did; but, however that may be, it is certain, I think, that the tar had been applied to hides before the application was made by the plaintiff. He further states in the specifications that the hide is moistened with water four or five times during the day, and describes the manner in which it is done, which may be termed only the ordinary way of curing or of manufacturing the particular article which is the subject of the patent in this case. He avoids the use of lime, acid, or alkali. He then says: "I am aware that hides and skins have been prepared by a fulling or bending operation to render them pliable, but this mode alone does not answer for the preparation of machine belts and laces. It is necessary to make use of a preparation, substantially such as before described, to render rawhides fit for use, and durable." Then he describes the effect of the application of the tallow, wood tar, and resin, and what he claims is "the treatment of the prepared rawhide in the manner and for the purpose set forth." Now, if this is a valid patent for a process, it must be limited to the precise, or, certainly, substantial, description which has been given in the specifications; and, in order to constitute an infringement of that process, a person must be shown to have followed substantially the same process, the same mode of reaching the result, as is described in the specifications.

I am not entirely satisfied from the proof that the plaintiff was the first inventor of the process which he claims in his patent. It is admitted by the plaintiff's counsel that his brother, Louis Royer, was engaged for a long time in a process which was substantially similar to that for which the patent was granted to the plaintiff in this case; but it is insisted that he did not reach what may be termed a complete and perfect invention; that it resulted in a mere experiment, and therefore it did not deprive the plaintiff of his right, or prevent the patent from taking effect. It is not always easy to determine where experiment ends, and when a complete, perfected invention

begins, or may be said to exist. In this case, while it is true that Louis Royer did not continue the work upon his process, and it was to some extent abandoned, it is very questionable whether he had not before that completed the invention, and whether he abandoned it because he had not completed it. I have great doubts whether it may not be said, under the evidence, that he had substantially completed the invention which the plaintiff claims in his patent, and whether he did not abandon the work from some other cause. There are many circumstances which may prevent a man from going on and making a discovery, which he has made, available or profitable, and I am inclined to think that may be true in this case. I can only say, in relation to it, I have great doubt upon that point. I am not satisfied to the extent that I think a chancellor ought to be, to reach a decree in such a case.

In my opinion, the plaintiff is not within that provision of the law which declares that a patent is not valid provided the thing patented has been in public use or on sale for a particular time. Section 4920. I do not feel inclined to declare the patent invalid on that account, under the peculiar circumstances of this case. Great latitude should be allowed to a person in completing the invention for which he seeks protection under the law, and although it may be said it is not as clear as it might be, I think the plaintiff in this case should not, on that account, be deprived of his right under the patent law; but I think the plaintiff has not made out in this case what may be called a clear infringment of the invention covered by his patent. Indeed, it may be said that it is difficult to declare what are the precise limits of the invention which is claimed in the specifications in this case.

I do not think it is satisfactorily shown by the evidence that the defendant has used substantially the same process as that described in the specifications of the plaintiff's patent. It seems to me there is so great a variance between the mode of manufacturing the article which the defendant makes and sells, as to take it out of the purview of what may be called that which constitutes the infringment of a patent. For instance, the defendant in all cases applies something different from that which the plaintiff describes in his specifications; and while what is done by the defendant removes to a greater or less extent those substances from the hide, as alum and salt, still it is imperfectly done,—how far accomplished the proof does not clearly show, —and perhaps there is some conflict in the evidence on that point. But the only position which could then be taken by the plaintiff is, nevertheless, that the defendant substantially observes and follows the process of the plaintiff. Even then I hardly think the conclusion necessarily follows.

It is said that the great invention here on the part of the plaintiff is a process by which raw hide reaches a certain result, and that the process of the defendant is what may be called a "tawing" process,— tanning,—and it is different from the plaintiff's in that respect only.

Suppose that to be so, unless it can be alleged and proved, in eliminating the difference between the operation of the defendant and that of the plaintiff, the substantial invention of the plaintiff remains, then the defendant would not be liable.

I have already said that this case is not free from difficulty. I have proceeded on the assumption which the law makes, that the plaintiff, *prima facie*, is an inventor, and with that assumption, in connection with the evidence, it is doubtful whether he is the inventor which he claims to be. Then, when we come to the question of infringement, the *onus* is changed: it is incumbent on the plaintiff to prove clearly and satisfactorily that there has been an infringement. It is an affirmative fact which it is incumbent on the plaintiff to prove, and I do not think that has been done in this case. It is often very difficult, when we take the state of the art into account, where there has been some little thing done which has produced important consequences, to say where the precise line of demarkation is between what is old and what is new. That is one of the difficulties in this case. The line between what is old and what is new has not been so distinctly and clearly marked out by the plaintiff as it ought to have been, and that is very important where the change is what may be called a slight one. Where some new and important principle has been discovered, which strikes the mind of every one as something of great value, there is no difficulty. Difficulty arises only where the change made by the inventor is inconsiderable. It cannot be questioned that the plaintiff in this case has bestowed much labor in completing the operations for which he claims a patent. He had a serious struggle in obtaining his patent. He did not seem to know certainly what he had discovered; what was, in fact, the invention for which he claimed a patent. It was only after repeated applications and amendments and changes that the patent was granted.

Bill dismissed.